IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MEL COLEMAN, JR. §
 §
    Plaintiff, §
 §
VS. § NO. 3-11-CV-0430-G-BD
 §
BANK OF AMERICA, N.A. §
 §
    Defendant. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Bank of America, N.A. ("BOA") has filed a Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by Mel Coleman, Jr. arising out of foreclosure proceedings initiated against his property in DeSoto, Texas. As best the court can decipher his pleadings, plaintiff generally complains that he never received a notice of default, that defendant rejected all attempts by plaintiff to bring his account current, that defendant initiated foreclosure proceedings without proper notice, and that defendant refused to cancel or postpone the foreclosure after plaintiff sent a qualified written request to the bank.[1] (*See* Plf. Orig. Pet. at 3-5, ¶¶ 8-18). Based on this conduct,

---

[1] A "qualified written request" is defined by the Real Estate Settlement Procedures Act ("RESPA") as written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

    (i)    includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    (ii)    includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Not later than 60 days after receipt of a "qualified written request" from the borrower, the servicer must, *inter alia*, conduct an investigation and provide the borrower with: (1) a written explanation of why the servicer believes the account information is correct; and (2) the name and telephone number of someone employed by the servicer who can provide assistance to the borrower. *Id.* § 2605(e)(2)(B).

plaintiff sues for: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) unreasonable collection efforts, (4) negligent misrepresentation, (5) gross negligence, and (6) violations of the Texas Property Code and the Texas Debt Collection Practices Act. Defendant now moves to dismiss all claims and causes of action at the pleading stage. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, plaintiff has failed to plead sufficient facts to state a claim for breach of contract and breach of the duty of good faith and fair dealing. According to plaintiff, defendant "purposely delayed and misled [him] to a point of foreclosure" by refusing to

accommodate efforts to bring his mortgage up-to-date. (*See* Plf. Orig. Pet. at 5, ¶ 20). Plaintiff alleges that this unjustified refusal not only breached the Deed of Trust, but also violated the "requirement of good faith and fair dealing [that] is included in the performance of every contract." (*Id.*). However, plaintiff points to no specific provision in the Deed of Trust that was breached by defendant. *See Case Corp. v. Hi-Class Business Sys. of America, Inc.*, 184 S.W.3d 760, 769-70 (Tex. App.--Dallas 2005, pet. denied) ("A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."). Nor does Texas law recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a "special relationship[ ] marked by shared trust or an imbalance in bargaining power." *See Chapa v. Chase Home Finance, L.L.C.*, No. C-10-359, 2010 WL 5186785 at *6 (S.D. Tex. Dec. 15, 2010), *citing Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Plaintiff does not allege any facts in his complaint to suggest that he had a "special relationship" with defendant. These claims should be dismissed.

Likewise, plaintiff has failed to plead sufficient facts to support a claim for unreasonable collection efforts under Texas law. In his complaint, plaintiff generally alleges that:

> BANK OF AMERICA NA failed to provide Plaintiffs with correct amounts due, imposed additional charges upon Plaintiffs' mortgage loan account, failed to credit Plaintiffs' payments, and deceptively attempting [sic] to foreclosure, BANK OF AMERICA NA has slandered Plaintiffs' credit reputation, defamed their credit, and exposed them to ridicule in the community, thereby causing them further economic damages.

(*See* Plf. Orig. Pet. at 6, ¶ 21). The tort of unreasonable collection efforts requires more than plaintiff has alleged in his pleadings. It requires plaintiff to plead facts that amount to "a course of harassment" by defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-CV-370, 2011 WL

676955 at *6 (E.D. Tex. Jan. 27, 2011) (citing cases), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011). Plaintiff's allegations do not even approach that standard.

With respect to his claim for gross negligence, plaintiff has not alleged any facts giving rise to a legal duty on the part of defendant. *See Fankhauser v. Fannie Mae*, No. 4-10-CV-274, 2011 WL 1630193 at *9 (E.D. Tex. Mar. 30, 2011), *rec. adopted*, 2011 WL 1630177 (E.D. Tex. Apr. 29, 2011), *quoting RT Realty, L.P. v. Texas Utilities Electric Co.*, 181 S.W.3d 905, 914 (Tex. App. -- Dallas 2006, no pet.) ("The threshold inquiry regarding a gross negligence claim is whether a legal duty existed."). Plaintiff has failed to state a claim for negligent misrepresentation because he has not identified any representations by defendant or described how, if at all, he relied on such representations or whether such representations caused him harm. *See Biggers v. BAC Home Loans Servicing, L.P.*, ___ F.Supp.2d ___, 2011 WL 588059 at *7 (N.D. Tex. Feb. 10, 2011), *citing Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

That leaves plaintiff's statutory claims for violations of the Texas Property Code and the Texas Debt Collection Practices Act. Plaintiff appears to allege that defendant violated the Texas Property Code because it did not prove physical possession of the original promissory note before initiating foreclosure proceedings against his property. (*See* Plf. Orig. Pet. at 5, ¶ 19). A similar claim was rejected by this court in *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N (N.D. Tex. Apr. 16, 2010), *appeal dism'd*, No. 11-10069 (5th Cir. Apr. 21, 2011). In *Dillard*, the plaintiffs alleged that defendants violated one or more provisions of the Texas Property Code and other statutes because they failed to issue proper notices before initiating foreclosure proceedings, did not record transfers of the lien prior to accelerating the note, and failed to produce the original promissory note. Those claims were dismissed at the pleading stage because the plaintiffs failed to identify any statutory provision that required the defendants to take such

actions. *See Dillard*, No. 3-10-CV-0091-N, op. at 4-5. The same is true here. Nowhere in his complaint does plaintiff cite any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note before initiating foreclosure proceedings. To the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note. *Id.*, op. at 4 n.1, *citing* TEX. PROP. CODE ANN. §§ 51.002, 51.0025 (Vernon 2007); *see also Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr. 13, 2011); *Crear v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0463-N, Mag. J. F&R at 4-5 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, (N.D. Tex. Aug. 19, 2010), *aff'd*, No. 10-10875, 2011 WL 1129574 (5th Cir. Mar. 28, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb.1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010).[2]

Finally, plaintiff alleges that defendant violated the Texas Debt Collection Practices Act ("TDCPA"), codified at Tex. Fin. Code Ann. § 392.001, *et seq.*, by misrepresenting the amounts due on his mortgage loan, by wrongfully accelerating the loan and posting the property for foreclosure, by imposing wrongful charges on his mortgage account, and by failing to properly credit his payments. (*See* Plf. Orig. Pet. at 7, ¶ 24). Like his other claims, plaintiff does not point to any threats, prohibited actions, or false and deceptive statements by defendant that violate the TDCPA. His vague, generalized, and conclusory allegations are insufficient to avoid dismissal of this claim under Rule 12(b)(6). *See Holley v. Bank of America National Ass'n*, No. 3-10-CV-2261-B, 2011 WL 1303252 at *2 (N.D. Tex. Apr. 4, 2011) (dismissing claim for violations of TDCPA where plaintiff failed to identify specific acts or practices that were prohibited by statute).

---

[2] To the extent plaintiff claims that defendant violated Tex. Prop. Code Ann. §§ 51.002 & 51.0025(2) by failing to issue proper notices in connection with the scheduled foreclosure sale of his property, those provisions apply only to the sale of real property pursuant to a power of sale. Where, as here, no foreclosure sale has taken place, a plaintiff may not recover under those statutory provisions. *See Dillard*, No. 3-10-CV-0091-N, op. at 4.

# RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #4] should be granted. This case should be dismissed with prejudice.[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Ordinarily, the court would allow plaintiff to amend his complaint in an attempt to cure the pleading defects identified by defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, plaintiff was given that opportunity after defendant filed its Rule 12(b)(6) motion. In lieu of filing a response to the motion, plaintiff was invited to file an amended complaint "to address the deficiencies identified by defendant . . ." *See* Order, 3/31/11 at 1. Plaintiff was warned:

> If [he] elects to respond to defendant's motion without filing an amended complaint, the court intends to rule on the merits of the motion and dismiss any claims not supported by the current pleadings or the law *without giving plaintiff an opportunity to replead.*

*Id.* (emphasis added). Despite this warning, plaintiff elected to file a response to the Rule 12(b)(6) motion instead of amending his pleadings.

DATED: May 27, 2011.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE